IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS HEALTH AND WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND,<br><br>           Plaintiffs,<br><br>  v.<br><br>DIAMOND DECORATING, INC., an Illinois corporation,<br><br>           Defendant. | No 18 cv 5447<br><br>Judge:<br><br>Magistrate Judge: |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS HEALTH AND WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, and TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, by

1

5. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186, *et seq.*, as amended, ERISA, 29 U.S.C. Section 1001, *et seq.*, and also pursuant to the terms and provisions of the collective bargaining agreements and Declarations of Trust ("Trust Agreement") which established the Funds.

6. Defendant DIAMOND DECORATING, INC. ("DIAMOND"), an Illinois corporation, is an employer engaged in an industry affecting commerce which entered into a collective bargaining agreements ("Labor Agreement") with the Union on or about **June 8, 2006** whereby DIAMOND agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. A copy of the Labor Agreement is attached as "Exhibit A."

### The Agreements

7. Pursuant to the provisions of the Labor Agreement, DIAMOND is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, DIAMOND is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

8. Under the terms of the Labor Agreement and Trust Agreement to which it is bound, DIAMOND is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not DIAMOND is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require

DIAMOND to pay liquidated damages, interest, auditors fees, and all attorneys fees and court costs incurred by the Funds in the collection process.

### The Claim

9. Upon information and belief, Plaintiffs are advised that DIAMOND has breached the provisions of the Labor Agreement and Trust Agreement by failing to pay all of the contributions for the audit period of April 1, 2013 through the present.

10. Plaintiffs have been required to employ the undersigned attorneys and their law firm to collect the monies that may be found to be due and owing from DIAMOND.

11. DIAMOND is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132(g)(2)(D).

12. Pursuant to 29 U.S.C. Section 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

    (i) interest on the unpaid contributions; or

    (ii) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. This Court order DIAMOND to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds for an audit for the period of April 1, 2013 through the present.

B. That judgment be entered in favor of Plaintiffs and against Defendant in the amount shown to be due on the above audit.

C. This Court enjoin DIAMOND from violating the terms of the collective bargaining agreement and Trust Agreement by failing to make timely payments to the Funds and DIAMOND be ordered to resume making those payments.

D. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

E. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

        Respectfully submitted,

        **TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, et al.,**

        By: _/s/ Brian C. James_
            One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
BRIAN C. JAMES
ARNOLD AND KADJAN LLP
35 East Wacker Drive., Suite 600
Chicago, Illinois 60601
(312) 236-0415